IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 2:14cr139 |
| | ) | |
| CHRISTIAN ADAM LANE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT'S MOTION *IN LIMINE***
**TO EXCLUDE EVIDENCE OF OTHER BAD ACTS**

COMES NOW the Defendant, CHRISTIAN ADAM LANE (hereinafter "Defendant" or "Lane"), by and through counsel, and files this memorandum in support of his Motion i*n limine* to exclude evidence of other bad acts.

**I. Factual Background**

Mr. Lane is charged with four counts in a four (4) count Indictment with Controlled Substances Conspiracy; Maintaining a Drug Involved Premises; Firearms Conspiracy; and Possession of Firearms in Furtherance of, and Using and Carrying Firearms during and in relation to, one or more, Drug Trafficking Crimes. Said crimes are alleged to have been committed in or about May 2014 with the Possession of Firearm in Furtherance charge having alleged to occurred specifically on May 22, 2014.

An audio video recording of Defendant allegedly taken on May 22, 2014 includes Defendant purportedly making a firearm reference outside the May 2014 indictment time period. Further, discovery provided to defense counsel references several bad acts allegedly committed by Defendant during 2011, 2013, and early 2014, all of which allegedly occurred outside the charged Indictment period.

## II. Law and Argument

Federal Rule of Evidence 404(b) states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Further, Federal Rule of Evidence 403 states: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

In United States v. Queen, 132 F.3d 991 (4th Cir. 1997), the Court went through a discussion of the dangers that Rule 404(b) was intended to prevent, such as, defendants being convicted for possessing bad character, the government rounding up and putting on trial "the usual suspects", juries convicting for prior acts rather than charged acts and jury confusion over the purpose for which the act is admitted. *Id.* at 995 - 996. The *Queen* court went on to state the combined test for admissibility under Rules 404(b) and 403:

> ... evidence of prior acts becomes admissible under Rules 404(b) and 403 if it meets the following criteria: (1) The evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant. In this regard, the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes. (2) The act must be necessary in the sense that it is probative of an essential claim or an element of the offense. (3) the evidence must be reliable. And (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the

          factfinding process.
Id. at 997.

      In this case, the prior gun transaction referenced in the audio video recording as well as the prior acts involving drugs, overdoses, and/or weapons that occurred outside the relevant time period ought to be excluded. Said evidence is not relevant to any issue or element of any of the offenses specifically charged in the indictment. The idea that at some other time, in some other location the Defendant possessed a firearm or drugs is not relevant to or probative of whether he committed the offenses charged in the indictment in May 2014. Moreover, allowing such evidence, especially evidence that includes a heroin overdose in November 2013, is highly prejudicial with no probative value. Further, introduction of such evidence would confuse a jury, unfairly prejudice the Defendant, and do nothing more than inflame the emotions of the jury. Defendant maintains that the introduction of said evidence would do nothing more than attempt to show his propensity to possess firearms, and/or distribute narcotics, a purpose which is expressly forbidden by Rule 404(b). The introduction of this irrelevant and prejudicial evidence will allow the jury to determine guilt based on a prior alleged bad act as opposed to the evidence presented as to the actual charges.

### III. Conclusion

      WHEREFORE, this Defendant, for the above stated reasons, requests that this Honorable Court grant the Motion *in Limine*.

      Respectfully Submitted,

      CHRISTIAN ADAM LANE

By: _____/s/_____
     Catherine M. Six, Esquire
     Virginia State Bar No. 38289
     *Counsel for Christian Adam Lane*
     Law Office of Catherine MacLean Six, P.C.

381 Edwin Drive, Suite 100
Virginia Beach, VA 23462
Telephone: (757) 716-3888
Facsimile: (757) 352-2220
csix@sixlaw.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 11th day of November, 2014, I have electronically filed the foregoing Memorandum with the Clerk of Court and served a true copy thereof via the CM/ECF system upon the following counsel of record:

Kevin M. Comstock
United States Attorney's Office
101 W. Main Street, Suite 800
Norfolk, VA 23510
Telephone: (757) 441-6331
Facsimile: (757)441-6689
Kevin.Comstock@usdoj.gov

Benjamin Harrison Hamlet
1200 Sparrow Road
Chesapeake, VA 23325
Telephone: (757) 424-2803
Facsimile: (757)424-0879
ben@hamletlawfirm.com
*Counsel for Stephen Wheeler*

                                        /s/
                              Catherine M. Six
                              Virginia State Bar No. 38289
                              *Counsel for Christian Adam Lane*
                              Law Office of Catherine MacLean Six, P.C.
                              381 Edwin Drive, Suite 100
                              Virginia Beach, VA 23462
                              Telephone: (757) 716-3888
                              Facsimile: (757) 352-2220
                              csix@sixlaw.com