IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

**UNITED STATES OF AMERICA,**

v.  CRIMINAL NO. 2:14cr139

**CHRISTIAN ADAM LANE,**

**Defendant**

## OPINION AND ORDER

This matter is before the Court on the following motions filed by Christian Adam Lane ("Defendant"): (1) Motion for a Bill of Particulars, ECF No. 31; (2) Motion to Sever, ECF No. 33; and (3) Motion *in Limine* to Exclude Evidence of Other Bad Acts, ECF No. 35. Such motions are uncommon in this Court because the United States Attorney's Office has generally practiced an open file policy and provided ample access to discovery. However, the Court requests that Defendant notify the Court should this not be the case.

For the reasons set forth herein, the Court denies these motions. The Court will consider each motion in turn.

### I. PROCEDURAL AND FACTUAL HISTORY

On October 22, 2014, Defendant was charged in a four-count indictment with co-defendant Stephen Wheeler. ECF No. 7. Defendant was charged with all four counts: (1) Count One, Controlled Substances Conspiracy, in violation of 21 U.S.C. § 846; (2) Count Two, Maintaining a Drug-Involved Premises, in violation of 21 U.S.C. § 856(a)(1); (3) Count Three, Firearms Conspiracy, in violation of 18 U.S.C. § 924(o); and (4) Count Four, Possession of Firearms in

1

Furtherance of, and Using and Carrying Firearms during and in relation to, one or more Drug Trafficking Crimes, in violation of 18 U.S.C. § 924(c)(1). Id.

On November 11, 2014, Defendant filed the instant motions: (1) Motion for Bill of Particulars, ECF No. 31; (2) Motion to Sever, ECF No. 33; and (3) Motion *in Limine* to Exclude Evidence of Other Bad Acts, ECF No. 35. The Government responded to these motions on November 20, 2014. ECF Nos. 41, 42, 43. Defendant did not reply. The motions are now ripe for decision.

## II. MOTION FOR A BILL OF PARTICULARS

The Court first addresses Defendant's Motion for a Bill of Particulars, ECF No. 31. Defendant's Motion involves all four counts of the indictment. With respect to Counts One and Three, Defendant requests that the Government identify with more specificity (1) the specific dates and times within May 2014 of the alleged conspiracy; (2) the number of co-conspirators; (3) the identities of his co-conspirators; (4) the locations of the conspiracy other than the Eastern District of Virginia; (5) the overt acts, statements, and events not listed in the indictment upon which the Government may rely at trial to prove that Defendant participated in the conspiracy; (6) the overt acts of Defendant in planning the conspiracy; (7) the overt acts of Defendant in carrying out the conspiracy; (8) the facts establishing Defendant's knowledge of the conspiracy; (9) the overt acts, statements, and events which the Government may rely on at trial to prove that Defendant conspired to manufacture, distribute, and possess with intent to distribute heroin, cocaine, and marijuana; and (10) the overt acts, statements, and events which the Government may rely on at trial to prove Defendant knowingly, intentionally, and unlawfully possessed, used, or carried firearms in furtherance of drug trafficking crimes.

With respect to Count Two, Defendant requests that the Government identify all dates and

2

times within the month of May 2014 that Defendant opened, leased, rented, used, and maintained a residence for the purpose of manufacturing, distributing, and using any controlled substance. Finally, with respect to Count Four, Defendant requests that the Government identify the number of firearms and the physical description, make, and model of each firearm that he allegedly possessed.

A. STANDARD OF REVIEW

Federal Rule of Criminal Procedure 7(c)(1) requires than an indictment be "a plain, concise, and definite statement of the essential facts constituting the offense charged . . . ." Fed. R. Crim. P. 7(c)(1). The purpose of a bill of particulars is to "enable a defendant to obtain sufficient information on the nature of the charge against him so that he may prepare for trial, minimize the danger of surprise at trial, and enable him to plead his acquittal or conviction in bar of another prosecution for the same offense." United States v. Schembari, 484 F.2d 931, 934–35 (4th Cir. 1973). "A bill of particulars is not to be used to provide detailed disclosure of the government's evidence in advance of trial." United States v. Automated Medical Labs., Inc., 770 F.2d 399, 405 (4th Cir. 1985). Rather, a bill of particulars is limited to "essential information which may have been omitted from the indictment." United States v. Anderson, 481 F.2d 685, 690 (4th Cir.1973) (internal quotations and citations omitted). "In determining whether to grant a bill of particulars, a court may also consider whether the requested information has been or will be 'provided by other means, such as pretrial discovery, voluntary disclosure by the government, or the indictment itself.'" United States v. Tsoa, No. 1:13cr137 (JCC), 2013 WL 3242700 at *3 (E.D. Va. June 25, 2013) (internal citation omitted). The disposition of a motion for a bill of particulars is addressed to the sound discretion of the district court. Anderson, 481 F.2d at 690.

B. APPLICATION

3

1. **Counts One and Three**

Count One charges Defendant with Controlled Substances Conspiracy, in violation of 21 U.S.C. § 846. Specifically, Count One charges Defendant with conspiracy to manufacture, distribute, and possess with intent to distribute heroin, cocaine, and marijuana; conspiracy to open, lease, rent, and maintain a place for the purpose of manufacturing, distributing, and using any controlled substance; and conspiracy to use a communication facility in committing felonies. ECF No. 7 at 1–2. Count Three charges Defendant with Firearms Conspiracy, in violation of 18 U.S.C. § 924(o). Specifically, Count Three charges Defendant with conspiracy to possess and/or carry one or more firearms in furtherance of a drug trafficking crime. Id. at 4. In his Motion, Defendant makes the same claims with respect to both counts.

First, Defendant asks the Government to identify the specific dates and times within May 2014 when Defendant allegedly engaged in the conspiracy. When examining the sufficiency of indictments, courts have held that "[g]enerally, exact dates are not required so long as they are within the statute of limitation[s]." United States v. Austin, 448 F.2d 399 (9th Cir. 1971), (citing United States v. Covington, 411 F.2d 1087 (4th Cir. 1969)); see also United States v. Nunez, 668 F.2d 10 (1st Cir. 1981). Moreover, courts have denied bills of particular in cases where the time frame spanned more than the one month period alleged here. See, e.g. United States v. Smith, No. 714-CR-41-3FL, 2014 WL 42626308 at *2 (E.D.N.C. Sept. 15, 2014) (denying a motion for a bill of particulars where the indictment alleged drug and firearms conspiracies that spanned ten years). With respect to when the conspiracy occurred, the indictment alleges that the events occurred "in or about May 2014, the exact dates to the grand jury being unknown." The Court finds that the allegation that the events occurred in May 2014 is sufficient to provide Defendant with adequate notice to defend against the charges.

4

Second, Defendant asks the Government to identify the number of co-conspirators and the identities of co-conspirators, both those who are known and unknown to the grand jury. This information is not required. As this Court recognized in United States v. Ahmad, "Defendant's request for the Government to identify all persons alleged to have participated in the conspiracy goes beyond the limited, enumerated purposes for which it is proper to require particularization. The Court is aware of no precedent requiring the Government to divulge such information in a conspiracy indictment." Ahmad, No. 1:14cr264 JCC, 2014 WL 2766121 at *8 (E.D. Va. June 18, 2014).

Next, Defendant requests that the Government identify possible locations, other than the Eastern District of Virginia, where Defendant allegedly engaged in the conspiracy. The indictment states that the conspiracies occurred "within the Eastern District of Virginia, and elsewhere." The Fourth Circuit has held that an indictment that merely charged the crime as having been committed within the federal district is sufficient. Burk v. United States, 179 F.2d 305 (4th Cir. 1950) (per curiam). This Court has found allegations that similarly alleged "within the Eastern District of Virginia, and elsewhere" to be sufficient. See, e.g. United States v. Burrows, No. 4:08cr147, 2009 WL 2244541 (E.D. Va. July 27, 2009). In the instant case, alleging that the conspiracy occurred within the Eastern District of Virginia and elsewhere is sufficient to provide Defendant with notice of his charges so that he may mount a defense.

Defendant also contends in several claims that the Government should be required to provide more information as to overt acts. The law is clear that proof of overt acts is not required for the conspiracies charged in the indictment. In United States v. Shabani, 513 U.S. 10 (1994), the Supreme Court held that the drug conspiracy statute, 21 U.S.C. § 846, did not require the

Government to prove that a conspirator committed an overt act in furtherance of the conspiracy. In so holding, the Court described how to determine whether a given conspiracy statute had an overt act requirement. The Court explained, "[T]he general conspiracy statute, 18 U.S.C. § 371, contains an explicit requirement that a conspirator 'do any act to effect the object of the conspiracy'. . . . '[B]y choosing a text modeled on § 371, [the conspiracy statute in question] gets an overt-act requirement; by choosing a text modeled on the Sherman Act, 15 U.S.C. § 1, it dispenses with such a requirement.'" Id. at 385 (internal citations omitted); see also Whitfield v. United States, 543 U.S. 209 (2005) (finding that because the text of the conspiracy statute at issue in that case, 18 U.S.C. § 1956(h), had no express reference to the commission of an overt act as an element, the Government need not prove an overt act to convict the defendant). This analysis also applies to the firearms conspiracy charge in Count Three. The firearms conspiracy charge in 18 U.S.C. § 924(o), like the drug conspiracy charge in 21 U.S.C. § 846, does not explicitly contain an overt act element. Consequently, the firearms conspiracy charge, like the drug conspiracy charge, contains no overt act requirement. As such, Defendant is not entitled to additional information as to any overt acts.

Finally, with respect to Counts One and Three, Defendant requests that the Government provide the facts establishing Defendant's knowledge of the conspiracy. As explained above, in an indictment, the Government is not required to tell Defendant the manner in which the Government will attempt to prove the charges. Moreover, the Government states that it has provided information regarding Defendant's knowledge of the conspiracy in discovery. Consequently, the Court finds that Defendant has sufficient information to defend against the charges without the Government providing additional facts establishing his knowledge.

Therefore, the Court denies Defendant's Motion for a Bill of Particulars with respect to Counts One and Three.

### 2. Count Two

With respect to Count Two, Defendant requests that the Government provide information regarding the dates and times within the month of May 2014 that Defendant maintained a residence for the purpose of manufacturing, distributing, and using a controlled substance. As discussed above, the Government need not identify an exact date or time. The Court therefore denies Defendant's Motion with respect to Count Two.

### 3. Count Four

Finally, with respect to Count Four, Defendant asks the Government to identify the number of, physical description of, and make and model of the firearms. In response, the Government has alleged that this information was provided in discovery. Consequently, the Court denies Defendant's Motion with respect to Count Four.

As explained above, Defendant is not entitled to any of the information he has requested in his Motion for Bill of Particulars. Consequently, the Court **DENIES** Defendant's Motion for Bill of Particulars, ECF No. 31.

## III. MOTION TO SEVER

In his Motion to Sever, Defendant seeks severance of his trial from that of his co-defendant, Stephen James Wheeler. ECF No. 33.

### A. STANDARD OF REVIEW

Federal Rule of Criminal Procedure 8(b) provides that "the indictment . . . may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be

charged in one or more counts together or separately." Fed. R. Crim. P. 8(b).

Even when defendants are properly joined under Rule 8, a defendant may request severance pursuant to Federal Rule of Criminal Procedure 14(a). Rule 14(a) provides that "[i]f the joinder of offenses or defendants . . . for trial appears to prejudice a defendant . . . the court may . . . sever the defendants' trials." Fed. R. Crim. P. 14(a). Rule 14 severance should be granted only in those cases where "there is a serious risk that a joint trial would prevent the jury from making a reliable judgment about guilt or innocence," not where severance provides Defendant with a better chance of acquittal. Id. (citing Zafiro v. United States, 506 U.S. 534, 539 (1993) and United States v. Reavis, 48 F.3d 763, 767 (4th Cir. 1995)).

### B. APPLICATION

Defendant's Motion to Sever is moot. On November 18, 2014, Defendant's co-defendant, Stephen James Wheeler, pled guilty. ECF No. 37. Since Wheeler will not be going to trial with Defendant, there is no concern about potential prejudice against Defendant in a joint trial. Consequently, the Court **DENIES AS MOOT** Defendant's Motion to Sever.

## IV. MOTION *IN LIMINE*

Finally, Defendant has filed a Motion *in Limine* to Exclude Evidence of Other Bad Acts, ECF No. 35. However, Defendant has not alleged any particular crimes or bad acts which he seeks to exclude. Moreover, the Government has indicated that it will comply with the requirements of Rule 404(b), the Federal Rules of Evidence, and the Discovery Order. Consequently, Defendant's Motion *in Limine* is **DENIED** at this time.

## V. CONCLUSION

For the reasons set forth above, the following motions are **DENIED**: (1) Defendant's Motion for a Bill of Particulars, ECF No. 31; (2) Defendant's Motion to Sever, ECF No. 33; and

(3) Defendant's *Motion in Limine* to Exclude Evidence of Other Bad Acts, ECF No. 35.

The Clerk is **DIRECTED** to forward a copy of this Order to Defendant and all Counsel of Record.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, VA
December 12, 2014